# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KOFI EASTERLING,

            Plaintiff,

      v.                                            Case No. 08-C-295

WARDEN WILLIAM POLLARD,
MRS. CUMMINGS, and MARK ZIMONICK,

            Defendants.

## ORDER

On March 5, 2010, the court granted the defendants' motion for summary judgment. Judgment was entered dismissing this action on March 8, 2010. On March 29, 2010, the plaintiff filed a motion for reconsideration, which will be addressed herein.

There is no motion for reconsideration under the Federal Rules of Civil Procedure. There are, however, Rules 59(e) and 60(b). A motion filed under Rule 59(e) must be filed within twenty-eight days of entry of the judgment, while a Rule 60(b) motion must be filed "within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 59(e), 60(c)(1). Whether a motion should be analyzed under Rule 59(e) or 60(b) depends on the substance of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)).

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Vacating a judgment under Rule 60(b) is permissible for several

reasons including mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington*, 433 F.3d at 546 (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). Rule 59(e), on the other hand, requires that the movant "clearly establish" one of the aforementioned grounds for relief. *Id.* (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The plaintiff bases his motion on errors of law, a basis encompassed by Rule 59(e). *See Obriecht*, 517 F.3d at 494. Accordingly, his motion will be considered under Rule 59(e). As indicated, a court may grant a motion to amend a judgment if there is newly discovered evidence or an intervening change in the law or if the judgment reflects a manifest error of the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

In this case, the plaintiff was granted leave to proceed *in forma pauperis* on Eighth Amendment conditions of confinement claims based on allegations that he was, while incarcerated at the Green Bay Correctional Institution ("GBCI"), (1) exposed to excessive noise because of the "constant screaming" of inmates in segregation; and (2) forced into a cell in segregation which contained feces and urine smeared on the cell walls, that his request to be moved from the cell was

denied, and that, instead, he was given cleaning supplies to clean the cell walls. The court granted the defendants' motion for summary judgment on the excessive noise claim because, based on the record, the plaintiff's conclusory complaint averment that he was exposed to "constant screaming," without more, was insufficient to withstand summary judgment. (Court's Order of March 5, 2010, at 9-10.)[1] The court granted the defendants' motion for summary judgment as to the plaintiff's cell conditions claim because:

> the undisputed facts do not support a finding that Easterling was subjected to a sufficiently serious deprivation to implicate the Constitution. According to Easterling, he arrived in his cell, the walls were dirty, he complained, and he was given cleaning supplies including chemicals to clean the wall. Even if these allegations did implicate the Constitution, due to the seriousness of exposure to human waste, the record does not support a finding that any named defendant was deliberately indifferent because there is no indication that any named defendant had personal involvement in Easterling's placement in the cell, or his retention there.

(*Id.* at 12.)

In support of his motion for reconsideration, the plaintiff contends that the court did not warn him that his summary judgment materials were in error and could not be used to refute the defendants' proposed facts because they were not sworn and that, if the court would have warned him, all errors would have been corrected in timely fashion. However, the defendants' summary judgment motion included the proper notice, specifically, the text to Federal Rule of Civil Procedure 56(e), Civil Local Rule 7.1 (E.D. Wis.), Civil Local Rules 56.1 and 56.2 (E.D. Wis.), and a short and plain statement that "[a]ny factual assertion in the affidavits (and other admissible proof) submitted or referred to in support of the defendants' motion will be accepted by the judge as true unless you submit affidavits or other admissible documentary evidence contradicting such assertion. Failure to

---

[1] The plaintiff did not submit affidavits, or other materials that would be admissible in evidence, in response to the defendants' motion for summary judgment. *See* Fed. R. Civ. P. 56(e). However, the court considered his sworn complaint at the summary judgment stage. *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996).

3

oppose the defendants' affidavit (or other admissible proof) with your own affidavits (or other admissible proof) may result in entry of judgment against you." (Defs.' Mot. for Summ. J. at 1-2.) In addition, as indicated, although the plaintiff's summary judgment materials were not verified, the court considered his sworn complaint as an affidavit.

Next, the plaintiff contends that counsel for the defendants is guilty of misconduct because he did not supply the plaintiff with a copy of the OSHA reports mentioned in the defendants' affidavit, which the court accepted as evidence. In this case, the defendants' proposed facts state in relevant part:

> Swiekatowski also understands that Easterling is alleging that the inmates in segregation are too noisy and disruptive. Generally, inmates who are housed in segregation have shown a blatant disregard for authority and/or rules and as such are more difficult to control and supervise. GBCI is bound by the disciplinary guidelines of the Wisconsin Administrative Code so, although conduct reports are issued, this does not always curb the behavior of many inmates. Typically, the increase in noise level in segregation goes for short periods of time, usually about one hour. Based on Swiekatowski's experience, the noise level has not been so excessive so as to cause other inmates to not be able to sleep. GBCI has a Health and Safety committee that does routine inspections to ensure compliance with OSHA and other safety regulations. As a part of this process, the committee routinely takes decibel readings on the unit and records those readings in its report. Swiekatowski has reviewed the GBCI Health and Safety committee decibel reports and these reports indicate that the noise levels in segregation were within normal limits.

(Court's Order of March 5, 2010, at 5-6.) The decibel reports referenced above were not attached to Swiekatowski's affidavit, or included in the defendants' summary judgment materials, in violation of Fed. R. Civ. P. 56(e)(1) ("If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit"). However, the court did not base its ruling on the decibel reports. Rather, the court's ruling that the defendants were entitled to judgment on the plaintiff's excessive noise claim was based on the record as a whole, and the court would have reached the same conclusion without the reference to the decibel reports. (*See* Court's Order of March 5, 2010, at 9-10.)

4

Finally, the plaintiff contends that the defendants violated his rights under the Eighth Amendment because they are directly in charge of inmate safety while in segregation and therefore they cannot claim not to have had knowledge of this incident. However, this contention is an attempt to reargue issues that the court already addressed in its summary judgment decision. (*Id.* at 10-12.)

The plaintiff has not demonstrated that the court's March 5, 2010, Decision and Order granting the defendants' motion for summary judgment contained a manifest error of law.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket #72) be and hereby is **DENIED**.

**SO ORDERED** the 16th day of June, 2010, at Milwaukee, Wisconsin.

                         **BY THE COURT**:

                         s/ William E. Callahan, Jr.
                         WILLIAM E. CALLAHAN, JR.
                         United States Magistrate Judge